as trustee for the daughter Dorothy had title to the furniture which was in the actual use and occupancy of the daughter under the directions of the will.    The premises were occupied by the children of the testator and an aunt had charge of the household.    No duty is imposed on the executor by the will to maintain a home for the family of the testator.    It sufficiently appears from the evidence, and without contradiction, that under some family arrangement the home was maintained by the aunt and the children after the death of the testator.    The aunt paid the rent from time to time, apparently from funds received from the executor; the payment by the latter presumably having been made on account of the distributive shares of the legatees.    The landlord's warrant was directed against Florence Umberger, the aunt, as tenant and was not issued until more than two years after the death of Mrs. Morgan.    No part of the rent claimed accrued during the lifetime of Mrs. Morgan nor for more than a year after her death.    The goods distrained were on the premises and in use by the occupants of the house.

The authorities cited by the learned counsel for the appellant are not applicable under the facts in this case.    They relate to the right of a landlord to distrain for rent due by a deceased tenant while the goods of the tenant are in process of administration.    In the case now under consideration the rent was claimed from Mrs. Umberger and the property distrained was liable for the rent.    It seems quite clear, from all the facts presented in the case, that the learned judge was correct in his instruction to the jury.    The judgment is therefore affirmed.

## Yost, Appellant, *v.* Clark.

*Appeals—Assignments of error—Signature of judge—Quashing appeal.*
    An appeal will be quashed where it appears that the signature of the trial judge was pasted on the record of the notes of evidence and charge, instead of the record itself being signed.

Argued March 9, 1904.    Appeal, No. 4, Feb. T., 1904, by plaintiff, from judgment of C. P. Tioga Co., April T., 1900,

No. 174, on verdict for defendant in case of H. Y. Yost v. Andrew Clark. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Motion to quash appeal.

The motion was based upon an affidavit of the defendant, which averred, inter alia, that no exception to the charge of the court was granted or asked for at the trial; that the alleged copy of the notes of evidence and charge of the court which is on file with the records in said case was never certified to by the president judge, and that what purports to be his signature pasted to a certificate in said case was never attached to said notes of evidence and charge by the said judge or with his knowledge or permission.

At the hearing by permission of the Superior Court, the attorneys for the appellant were permitted to file affidavits to the effect that the record when lifted from the prothonotary's office was in the identical condition as it appeared before the Superior Court, and that they had nothing to do with the pasting of the signature thereon.

*C. H. Cornelius*, with him *Harvey F. Heinly*, for appellant.

*S. F. Channell*, with him *H. A. Ashton*, *F. E. Watrous* and *H. F. March*, for appellee.

PER CURIAM, March 9, 1904:
Appeal quashed.

---

# Commonwealth to use Appellant *v.* American Bonding Company.

*Guardian and ward—Principal and surety—General guardianship bond—Sale of real estate.*

Where a bond given by a guardian and his surety is on its face a general guardianship bond and it appears that the surety had no knowledge that the bond was intended for any other purpose than that which appeared upon its face, the surety cannot be held liable for the misappropriation by